___ FILED ___ ENTERED
___ LODGED ___ RECEIVED

MAR 30 2018

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HOON NAMKOONG,<br><br>Defendant. | NO. CR18-081 RSM<br><br>**INFORMATION**<br>**(Felony)** |

The United States Attorney charges that:

### COUNT 1
### (Conspiracy to Violate the Lacey Act)

**A.   Overview**

1.   Defendant HOON NAMKOONG owns and operates one of Washington's largest purchasers and exporters of California Sea Cucumbers ("sea cucumbers"). Federal, state and tribal authorities cooperate to preserve the Puget Sound sea cucumber fishery by limiting the annual harvest to a sustainable level. As described herein, HOON NAMKOONG conspired with others to circumvent this management plan by systematically underreporting the sea cucumber harvest. In so doing, between August 2014 and November 2016, HOON NAMKOONG enriched himself while causing sea

Information - 1
United States v. Namkoong

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

cucumbers to be substantially overharvested in an amount with a market value of approximately $1.5 million.

**B.     Background**

2.     Sea cucumbers are harvested in marine areas in Washington State and elsewhere. Once harvested, sea cucumbers may be dried or salted, and are a popular ingredient in Asian cuisine and for use as a dietary supplement.

3.     The sea cucumber dive harvest in Washington State is divided into tribal and non-tribal managed sectors. Annual harvest management agreements allocate equal shares of total allowable catch between tribal and non-tribal sectors. Each sector is allotted a sub-quota of the total amount of sea cucumbers that state and tribal biologists have determined can be harvested on an annual basis from Washington State waters.

4.     Sea cucumbers are classified as "shellfish" under Washington State law. RCW 77.12.047. Washington State law requires that all persons originally receiving shellfish in Washington State (excluding retail transactions) be licensed wholesale fish buyers. Washington State law also requires that licensed wholesale fish buyers immediately, completely, and accurately complete a fish receiving ticket (fish ticket), for each and every purchase or receipt of shellfish. WAC 220-352-180(1)(b)(i). If the wholesale fish buyer purchases the sea cucumbers from a fisher who is a licensed tribal fish buyer, a fish ticket must be filled out by the licensed wholesale fish buyer if the tribal fish buyer has not already filled out a fish ticket and provided a copy of the ticket or the ticket number to the secondary receiver as proof. WAC 220-352-180(1)(b)(ii). The secondary receiver must have a copy of the fish ticket or documentation of the purchase including the amount and species of the fish or shellfish purchased. These records must be retained for three years. RCW 77.15.568(3).

5.     The fish ticket must be signed by both the fisher and wholesale fish buyer, under penalty of perjury. Completed fish tickets must be sent by the wholesale fish buyer to the Washington State Department of Fish and Wildlife (WDFW) or the Northwest Indian Fisheries Commission, depending on whether the fish ticket is a treaty fish ticket

Information - 2
United States v. Namkoong

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

(i.e. fisher of federally recognized Indian Tribe) or non-treaty fish ticket. These entities use the data from the fish tickets to manage quotas and set harvest limits.

6. Failure to properly and accurately prepare a fish ticket, or to submit the ticket as required, is a violation of Washington State law. RCW 77.15.630 (unlawful fish/shellfish catch accounting).

7. Tribal laws, including the laws of the Lummi Nation, likewise require the accurate reporting on fish tickets of the sea cucumber harvest. Section 10.07.240 of the Lummi Nation Code of Laws requires that the seller and the buyer in any fish or shellfish sale must ensure that the sale is accurately reported on the fish ticket.

8. At all times material to the Information, Orient Seafood Production (OSP) was a Fife, Washington-based wholesale seafood business owned and controlled by defendant HOON NAMKOONG. OSP was a licensed wholesale fish buyer under Washington State law, and the business of OSP included the purchase, transportation, processing, sale and export of sea cucumbers.

9. HOON NAMKOONG was engaged in the business of purchasing, processing, selling, exporting and transporting fish, including sea cucumbers. HOON NAMKOONG's activities were facilitated in part through his ownership and operation of OSP.

C. **The Agreement**

10. Beginning on a date unknown, but no later than August 2014, and continuing until on or about November 21, 2016, at Whatcom County, within the Western District of Washington, and elsewhere, defendant HOON NAMKOONG did knowingly conspire, combine, confederate and agree with other persons both known and unknown to the United States Attorney to: (a) violate Section 3372(a)(1) and (2) of the Lacey Act by knowingly engaging in conduct that involved the transportation, sale, and acquisition of sea cucumbers with a market value in excess of $350, and knowingly sold, and transported those sea cucumbers in interstate and foreign commerce, knowing that the sea cucumbers had been taken, possessed, transported and sold in violation of

Information - 3
United States v. Namkoong

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Washington State law and Lummi Tribal law; and (b) violate Section 3372(d) of the Lacey Act by making and submitting false records for sea cucumbers with a market value in excess of $350, which were and were intended to be transported in interstate and foreign commerce.

**D. Manner and Means of the Conspiracy**

11. The defendant and his co-conspirators used the following means and acted in the following manner, among others, to effect the conspiracy:

    a. It was part of the conspiracy that HOON NAMKOONG arranged with state and tribal fishers to purchase sea cucumbers at various locations within the Western District of Washington.

    b. It was further part of the conspiracy that HOON NAMKOONG purchased sea cucumbers from state and tribal fishers and intentionally underreported the total amount purchased on corresponding fish tickets, as described below:

        i. HOON NAMKOONG purchased sea cucumbers partially by check and partially in cash. On those occasions, HOON NAMKOONG wrote a check for less than the total amount of the purchase. HOON NAMKOONG paid cash for the remainder of the total amount of the purchase. HOON NAMKOONG and co-conspirators prepared and submitted fish tickets to state and tribal authorities, which fraudulently reported less than the total amount of sea cucumbers purchased, and often purposefully omitted those sea cucumbers purchased in cash.

        ii. HOON NAMKOONG purchased sea cucumbers from co-conspirators for which HOON NAMKOONG and his co-conspirators failed to prepare and submit any corresponding fish tickets.

        iii. HOON NAMKOONG and his co-conspirators prepared and submitted to state and tribal authorities fish tickets for less than the total amount of sea cucumbers purchased by HOON NAMKOONG on a given day.

    c. It was further part of the conspiracy that HOON NAMKOONG transported the sea cucumbers he purchased from the harvest locations to his facility in Fife, Washington for processing by drying, salting and other means.

    d. It was further part of the conspiracy that HOON NAMKOONG sold and caused to be sold, and transported and caused to be transported, and exported and

Information - 4
United States v. Namkoong

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

caused to be exported, the processed sea cucumbers, which had not been reported on fish tickets, in interstate and foreign commerce to commercial wholesale seafood buyers in the United States and Asia.

**E.     Representative Overt Acts**

12.     In furtherance of the conspiracy and in order to achieve the objectives thereof, HOON NAMKOONG and other co-conspirators known and unknown to the grand jury committed the following representative overt acts.

   a.     On or about August 12, 2014, in Clallam County, HOON NAMKOONG wrote a check to fisher C.S. in the amount of $8,495. HOON NAMKOONG's production log shows that this check was for the purchase of 2,173 pounds of sea cucumbers.

   b.     On or about August 12, 2014, in Clallam County, HOON NAMKOONG completed a fish ticket for the above purchase, which showed a purchase of 1,997 pounds of sea cucumbers for a total price of $7,988.

   c.     On or about September 3, 2015, in Whatcom County, HOON NAMKOONG wrote a check to fisher C.F. for $2,935. The memo line of the check indicated the payment was for 1,387 pounds of product and contained the notation "paid $4000 cash."

   d.     On or about September 3, 2015, in Whatcom County, C.F. completed a fish ticket for the above purchase, which showed a purchase of 552 pounds of sea cucumber for a total price of $2,760.

13.     By the foregoing conduct, defendant caused the sea cucumber harvest to be underreported by approximately 250,000 pounds, and those unreported sea cucumbers had a market value of approximately $1.5 million. The unreported sea cucumbers amounted to between approximately 10 and 20 percent of the total 2014-14 and 2015-15 Washington State sea cucumber harvest quota. By underreporting the harvest, HOON NAMKOONG caused the harvest of sea cucumbers at a level substantially in excess of that allowed under the management plan for the fishery.

Information - 5
United States v. Namkoong

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATION

14. The allegations contained in Count 1 of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 16, United States Code, Section 3374 and Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

15. Upon conviction of Conspiracy to Violate the Lacey Act, in violation of Title 18, United States Code, Section 371, the Defendant shall forfeit to the United States, pursuant to Title 16, United States Code, Section 3374 and Title 28, United States Code, Section 2461(c), any and all property that was involved in and/or facilitated the offense, including but not limited to:

    a.    all wildlife imported, exported, transported, sold, received, acquired, or purchased contrary to the provisions of Title 16, United States Code, Section 3372, or any regulation issued pursuant thereto; and,

    b.    all vehicles, vessels and other equipment used to aid in the importing, exporting, transporting, selling, receiving, acquiring, or purchasing of wildlife. Pursuant to Title 16, United States Code, Section 3374(c), the Defendant shall be liable for all costs the United States has incurred for the storage, care, and maintenance of wildlife seized in connection with the alleged violations.

16. Upon conviction of Conspiracy to Violate the Lacey Act, in violation of Title 18, United States Code, Section 371, the Defendant shall also forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all proceeds the Defendant obtained as a result of the offense, including but not limited to:

/

/

Information - 6
United States v. Namkoong

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

c.   A sum of money in the amount of $1,499,999, reflecting the proceeds the Defendant obtained as a result of the offense.

DATED: March 30th, 2018

_____
ANNETTE L. HAYES
United States Attorney

_____
ANDREW FRIEDMAN
Assistant United States Attorney

_____
MATTHEW D. DIGGS
Assistant United States Attorney

_____
SETH WILKINSON
Assistant United States Attorney

Information - 7
United States v. Namkoong

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970