FILED ___ ENTERED
___ LODGED ___ RECEIVED

APR 16 2018

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

Chief Judge Ricardo S. Martinez

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>HOON NAMKOONG,<br><br>Defendant. | NO. CR18-081RSM<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Seth Wilkinson and Matthew Diggs, Assistant United States Attorneys, HOON NAMKOONG, and his attorney, Wayne Fricke, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1. **Waiver of Indictment.** Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to a charge brought by the United States Attorney in an Information.

2. **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the charge of Conspiracy to Violate the Lacey Act, under 18 U.S.C. § 371, as charged in Count 1 of the Information.

UNITED STATES v. NAMKOONG, CR18-081RSM
PLEA AGREEMENT - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering the guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3. **Elements of the Offense.** The elements of the offense of conspiracy to violate Title 16, United States Code, Section 3372(a) and 3372(d), as charged in Count 1, in violation of Title 18, United States Code, Section 371 are as follows:

First, there was an agreement between two or more persons to violate the following laws:

    A.    Title 16, United States Code, Section 3372(a), as that section relates to the sale, receipt or acquisition of fish taken, possessed, or transported in violation of state or tribal law;

    B.    Title 16, United States Code, Section 3372(d), as that section relates to the false labeling of fish imported or exported, or transported in interstate or foreign commerce.

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it;

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

**Elements of the Object Crimes.**

**Lacey Act Trafficking Elements (16 U.S.C. § 3372(a)).**

    a.    Defendant imported, exported, sold, received, acquired, or purchased sea cucumbers in interstate commerce, by knowingly engaging in conduct that involved the sale, purchase, offer to sell or purchase sea cucumbers, or the intent to sell or purchase sea cucumbers;

    b.    Defendant knew that the sea cucumbers had been taken, possessed, transported or sold in violation of state or tribal law; and

    c.    The market value of the sea cucumbers exceeded $350.

UNITED STATES v. NAMKOONG, CR18-081RSM
PLEA AGREEMENT - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### Lacey Act False Labeling Elements (16 U.S.C. § 3372(d)).

a. Defendant made or submitted any false record for any sea cucumbers;

b. The false record involved sea cucumbers that had been or were intended to be exported, or had been or were intended to be transported in interstate commerce; and,

c. The market value of the sea cucumbers was greater than $350.

4. **The Penalties**. Defendant understands that the statutory penalties applicable to the offense of Conspiracy to Violate the Lacey Act in violation of Title 18, United States Code, Sections 371 are as follows: A term of imprisonment of up to five years, a fine of up to $250,000, a period of supervision following release from prison of up to three years, and a mandatory special assessment of $100 dollars. If a probationary sentence is imposed, the probation period can be up to five years. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

UNITED STATES v. NAMKOONG, CR18-081RSM
PLEA AGREEMENT - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of his peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

    d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    e. The right to confront and cross-examine witnesses against Defendant at trial;

    f. The right to compel or subpoena witnesses to appear on defendant's behalf at trial;

    g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h. The right to appeal a finding of guilt or any pretrial rulings.

6. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

7. **Forfeiture.** The Defendant understands that the forfeiture of property is part of the sentence imposed in this case. The Defendant agrees to forfeit to the United States immediately all of his right, title, and interest in any and all property that was involved in and/or used, or intended to be used, to commit or to facilitate the commission of the offense. The Defendant recognizes all such property is forfeitable pursuant to Title 16, United States Code, Section 3374 and Title 28, United States Code, Section 2461(c), and includes but is not limited to:

    a. all fish or wildlife imported, exported, transported, sold, received, acquired, or purchased contrary to the provisions of Title 16, United States Code, Section 3372, or any regulation issued pursuant thereto; and,

UNITED STATES v. NAMKOONG, CR18-081RSM
PLEA AGREEMENT - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

  b. all vehicles, vessels and other equipment used to aid in the importing, exporting, transporting, selling, receiving, acquiring, or purchasing of wildlife.

The Defendant recognizes that, pursuant to Title 16, United States Code, Section 3374(c), he is liable for all costs the United States has incurred for the storage, care, and maintenance of wildlife seized in connection with the alleged violations.

  The Defendant also agrees to forfeit to the United States immediately all of his right, title, and interest in any and all proceeds of the offense. The Defendant recognizes all such property is forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), and includes but is not limited to:

  c. A sum of money in the amount of $1,499,999, reflecting the proceeds the Defendant obtained as a result of the offense.

  The Defendant agrees to fully assist the United States in the forfeiture of the above-listed property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effectuate forfeiture; assisting in bringing any assets located outside the United States within the jurisdiction of the United States; and, taking whatever steps are necessary to ensure that forfeitable property ais not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. The Defendant agrees not to file a claim to any of the above-listed property in any civil forfeiture proceeding, administrative or judicial, that may be initiated.

  The United States reserves its right to proceed against any remaining assets not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if that property constitutes or is traceable to proceeds of the offense and/or facilitated or was involved in the offense.

  The United States agrees to recommend that the net proceeds from the forfeiture and sale of the above-listed wildlife, vehicles, vessels and other equipment, as well as any

UNITED STATES v. NAMKOONG, CR18-081RSM
PLEA AGREEMENT - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

amounts collected pursuant to the sum of money, be applied to the Defendant's restitution obligation discussed below.

8. **Restitution.** Defendant shall make restitution in an amount and to payees to be determined at sentencing, not to exceed the total amount of one million, four hundred ninety-nine thousand, nine hundred and ninety-nine dollars ($1,499,999), with credit for any amount of restitution Defendant has already paid. The total amount of restitution ordered shall be due and payable immediately and shall be paid in accordance with a schedule of payments as proposed by the United States Probation office and ordered by the Court.

9. **Statement of Facts**. Defendant admits he is guilty of the charged offense. The parties agree on the following facts:

A. **Legal Background**

Sea cucumbers are classified as "shellfish" under Washington State law. RCW 77.12.047. Washington State law requires that all persons originally receiving shellfish in Washington State (excluding retail transactions) be licensed wholesale fish buyers. Washington State law also requires that licensed wholesale fish buyers immediately, completely, and accurately complete a fish receiving ticket (fish ticket), for each and every purchase or receipt of shellfish. WAC 220-352-180(1)(b)(i). If the wholesale fish buyer purchases the sea cucumbers from a fisher who is a licensed tribal fish buyer, a fish ticket is required to be filled out by the licensed wholesale fish dealer if the tribal fish buyer has not already filled out a fish ticket and provided a copy of the ticket or the ticket number to the secondary receiver as proof. WAC 220-352-180(1)(b)(ii). The secondary receiver must have a copy of the fish ticket or documentation of the purchase including the amount and species of the fish or shellfish purchased. These records must be retained for three years. RCW 77.15.568(3).

Tribal laws, including the laws of the Lummi Nation, likewise require the accurate reporting on fish tickets of the sea cucumber harvest. Section 10.07.240 of the Lummi

UNITED STATES v. NAMKOONG, CR18-081RSM
PLEA AGREEMENT - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Nation Code of Laws requires that the seller and the buyer in any fish or shellfish sale must ensure that the sale is accurately reported on the fish ticket.

The fish ticket must be signed by both the fisher and wholesale fish buyer, under penalty of perjury. Failure to properly and accurately prepare a fish ticket, or to submit the ticket as required by law, is a violation of Washington State law. RCW 77.15.630 (unlawful fish/shellfish catch accounting).

**B.     Orient Seafood Production and HOON NAMKOONG**

Orient Seafood Production (OSP) was a Fife, Washington-based wholesale seafood business owned and controlled by defendant HOON NAMKOONG. OSP was a licensed wholesale fish buyer under Washington State law, and the business of OSP included the purchase, transportation, processing, sale and export of sea cucumbers. HOON NAMKOONG was engaged in the business of purchasing, processing, selling, exporting and transporting fish, including sea cucumbers. HOON NAMKOONG's activities were facilitated in part through his ownership and operation of OSP.

**C.     The Conspiracy**

Beginning on a date unknown, but no later than August 2014, and continuing until on or about November 21, 2016, within the Western District of Washington, and elsewhere, defendant HOON NAMKOONG did knowingly conspire, combine, confederate and agree with other persons to: (a) violate Section 3372(a) of the Lacey Act, as that section relates to acquiring, selling, and transporting sea cucumbers, valued at greater than $350, which HOON NAMKOONG knew had been taken, possessed and sold in violation of Washington State law and Lummi Tribal law; and (b) violate Section 3372(d) of the Lacey Act, as that section relates to making and submitting false records for sea cucumbers with a market value in excess of $350, which were and were intended to be transported in interstate and foreign commerce.

UNITED STATES v. NAMKOONG, CR18-081RSM
PLEA AGREEMENT - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

It was part of the conspiracy that HOON NAMKOONG arranged with state and tribal fishers to purchase sea cucumbers at various locations within the Western District of Washington.

It was further part of the conspiracy that HOON NAMKOONG purchased sea cucumbers from state and tribal fishers and intentionally underreported the total amount purchased on corresponding fish tickets, by a variety of means, including the following:

   a. HOON NAMKOONG purchased sea cucumbers partially by check and partially in cash. On those occasions, HOON NAMKOONG wrote a check for less than the total amount of the purchase. HOON NAMKOONG paid cash for the remainder of the total amount of the purchase. In those instances, HOON NAMKOONG and co-conspirators prepared and submitted fish tickets, which fraudulently reported less than the total amount of sea cucumbers purchased, and often purposefully omitted those sea cucumbers purchased in cash.

   b. HOON NAMKOONG purchased sea cucumbers from co-conspirators for which HOON NAMKOONG and his co-conspirators failed to prepare and submit any corresponding fish tickets.

   c. HOON NAMKOONG and his co-conspirators prepared and submitted fish tickets for less than the total amount of sea cucumbers purchased by HOON NAMKOONG on a given day.

It was further part of the conspiracy that HOON NAMKOONG transported the sea cucumbers he purchased from the harvest locations to his facility in Fife, Washington for processing by drying, salting and other means.

It was further part of the conspiracy that HOON NAMKOONG sold and caused to be sold and transported and caused to be transported, and exported and caused to be exported, the processed sea cucumbers, which had not been reported on fish tickets, in interstate and foreign commerce to commercial wholesale seafood buyers in the United States and Asia.

### D. Overt Act

On or about September 3, 2015, in Whatcom County, HOON NAMKOONG wrote a check to fisher C.F. in the amount of $2,935. The memo line of the check

UNITED STATES v. NAMKOONG, CR18-081RSM
PLEA AGREEMENT - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

indicated the payment was for 1,387 pounds of product and contained the notation "paid $4,000 cash."

On or about September 3, 2015, in Whatcom County, C.F. completed a fish ticket for the above purchase, which showed a purchase of 552 pounds of sea cucumbers for a total price of $2,760.

E. **Post-Processing Market Value of Sea Cucumbers Taken In Violation of State Law.**

The parties agree that the total weight of the unreported sea cucumber catch purchased by HOON NAMKOONG during the conspiracy was approximately 250,000 pounds of unprocessed sea cucumber.

The parties agree that the wholesale market value, after processing, of the sea cucumbers possessed, transported, and sold by HOON NAMKOONG, which had been taken, possessed, and sold in violation of Washington State law, during the conspiracy, was approximately one million, four hundred ninety-nine thousand, nine hundred and ninety-nine dollars ($1,499,999).

10. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to

UNITED STATES v. NAMKOONG, CR18-081RSM
PLEA AGREEMENT - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a. The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

    b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d. Defendant may not withdraw the guilty plea solely because of the sentence imposed by the Court.

11. **Acceptance of Responsibility.** The United States acknowledges that if Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG § 3E1.1(b), and if Defendant's offense level exceeds 16, the total offense level should be decreased by three levels (or two levels if the offense level is less than 16) because Defendant has clearly demonstrated acceptance of responsibility for the offense and has assisted the government by timely notifying the authorities of defendant's intention to plead guilty.

12. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

    a. The base offense level is six, pursuant to USSG § 2Q2.1(a);

    b. The offense level should be increased by two levels pursuant to USSG § 2Q2.1(b)(1) because the offense was committed for pecuniary gain; and

    c. The offense level should be increased by fourteen (14) levels based on an agreed market value of the illegally trafficked sea cucumbers of more than

UNITED STATES v. NAMKOONG, CR18-081RSM
PLEA AGREEMENT - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

$550,000 and less than $1,500,000, pursuant to USSG §§ 2Q2.1(b)(3)(A)(ii) and 2B1.1(b)(1)(H).

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

13. **Sentencing Recommendation.** The United States agrees to recommend a sentence no greater than thirty (30) months imprisonment. The defendant may recommend any sentence he chooses. The government is free to make any other recommendation regarding other portions of Defendant's sentence, including fines, and restitution, consistent with this Plea Agreement. Defendant understands these recommendations are not binding on the Court.

14. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation, and to move to dismiss the remaining counts in the indictment at the time of sentencing.

In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

UNITED STATES v. NAMKOONG, CR18-081RSM
PLEA AGREEMENT - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

15. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of his confinement, (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

16. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that by entering the guilty plea required by this plea agreement, Defendant waives all rights to appeal from Defendant's conviction and any pretrial rulings of the court. Defendant further agrees that, provided the court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory

UNITED STATES v. NAMKOONG, CR18-081RSM
PLEA AGREEMENT - 12

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

mandatory minimum, if greater than the Guidelines range) as determined by the court at the time of sentencing, Defendant waives to the full extent of the law:

    a. Any right conferred by Title 18, United States Code, § 3742, to challenge, on direct appeal, the sentence imposed by the court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

    b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation; and

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

17. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter the plea of guilty.

18. **Statute of Limitations.** In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

UNITED STATES v. NAMKOONG, CR18-081RSM
PLEA AGREEMENT - 13

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

19. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated: April 16, 2018.

_____
HOON NAMKOONG
Defendant

_____
WAYNE FRICKE
Attorney for Defendant

_____
MATTHEW DIGGS
Assistant United States Attorney

UNITED STATES v. NAMKOONG, CR18-081RSM
PLEA AGREEMENT - 14

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970